# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 9, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| MICHAEL POLLIO, | * | No. 17-1444V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Philip D. Russell, Cos Cob, CT, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 5, 2017, Michael Pollio filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that he suffered multiple sclerosis and/or clinically isolated syndrome as a result of his receipt of the influenza vaccination on October 11, 2014. (ECF No. 1). On September 23, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 58).

On October 2, 2020, petitioner filed an application for attorneys' fees and costs. (ECF No. 59) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $35,114.58 (representing $24,308.00 in fees and $10,806.58 in costs). Respondent responded to the motion on October 16, 2020, stating that he "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 60). Petitioner did not file a

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

reply thereafter.[3]

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program

---

[3] Petitioner did file a second motion for attorneys' fees and costs on December 23, 2020 (ECF No. 65). Upon review, it is identical to the instant motion and I shall deny the December 23 motion as moot. Additionally, on March 31, 2021, I ordered petitioner to file additional documentation concerning attorneys' costs. After an extension of time was granted, petitioner filed the requested supplemental information ("Supp.") on May 28, 2021. (ECF No. 68).

special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[4]

Petitioner requests the following hourly rates for his counsel: for Mr. Philip Russell, $600.00 per hour for all work performed in this case (the billing records indicate Mr. Russell performed case work in 2016, 2017, and 2020); for Ms. Catherine Keenan, $480.00 per hour for all work performed in this case (Ms. Keenan performed work in 2017 and 2020); and for Mr. Michael Thompson, $325.00 per hour for all work performed in this case (from 2015-2020). Upon review, I find all these requested rates to be excessive for the following reasons.

Mr. Russell's requested rate is excessive because it exceeds the maximum possible awarded rate in the OSM Fee Schedules. Accordingly, I must determine a reasonable rate for Mr. Russell's work. Mr. Russell has been licensed to practice law since 1984, giving him approximately 32 years of experience when he began his work on this case and placing him in the highest tier of the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules. However, the instant case is the first and only Vaccine Program case in which Mr. Russell has been counsel. Thus, an hourly rate at the lower end of the range for attorneys with 31+ years of experience is appropriate in my judgment and experience. Based on all of the relevant factors, I find the following hourly rates to be reasonable for Mr. Russell: $390.00 per hour for work performed in 2016, $400.00 per hour for work performed in 2017, and $445.00 per hour for work performed in 2020. Application of these rates results in a reduction of $883.50.

Ms. Keenan has been licensed to practice law since 1999, giving her approximately 18 years of experience in 2017. Like Mr. Russell, this appears to be Ms. Keenan's first and only Vaccine Program case. The requested rate of $480.00 is therefore excessive for attorneys with her level of experience. However, Ms. Keenan is not a member of the bar of the United States Court of Federal Claims. Supp. at 1. Under such circumstances, the Vaccine Program has compensated non-admitted counsel only at paralegal/clerical rates. *See*, e.g., *Razka v. Sec'y of Health & Human Servs.*, No. 14-1224V, 2017 WL 3165479, at *2-3 (Fed. Cl. Spec. Mstr. June 30, 2017); *Mackey v. Sec'y of Health & Human Servs.*, No. 16-1289V, 2018 WL 3596801, at *5-6 (Fed. Cl. Spec. Mstr. May 10, 2018); *Schmidt v. Sec'y of Health & Human Servs.*, No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020). At most, special masters have awarded regular attorney hourly rates to non-barred counsel for work performed *before* the vaccine petition was filed, but at non-attorney rates thereafter. *Pearson v. Sec'y of Health & Human Servs.*, No. 14-0489V, 2019 WL 7167552, at *4 (Fed. Cl. Spec. Mstr. Oct. 29, 2019) (citing *Avila v. Sec'y of*

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

*Health & Human Servs.*, No. 14-605V, 2016 WL 6995372, at *2 (Fed. Cl. Spec. Mstr. Nov. 4, 2016).

Because Ms. Keenan's work in 2017 was performed before the filing of the petition, she is eligible for attorney rates for that work – upon review, a reasonable hourly rate for this time is $360.00 per hour. However, Ms. Keenan's work in 2020 must be compensated at paralegal rates. The highest paralegal rate for 2020 is $163.00 per hour, which I shall apply to her billed time. Application of these rates results in a reduction of $2,113.70.

Finally, Mr. Thompson's requested hourly rate must be reduced. Mr. Thompson has been licensed to practice law since 2017. However, like Ms. Keenan, Mr. Thompson is not a member of the bar of the Court of Federal Claims and therefore also is not eligible to receive attorney rates for work performed after this case was filed. Supp. at 1. Additionally, Mr. Thompson appears to have billed some pre-filing time in 2015-2017 before he was licensed to practice law, so this time also cannot be compensated at attorney rates. Accordingly, the following hourly rates are being applied to Mr. Thompson's billed hours: $145.00 per hour for 2015 and 2016, $148.00 per hour for time in 2017 billed prior to March 31, 2017 and after October 5, 2017, $155.00 per hour for work billed between those dates, $153.00 per hour for work performed in 2018, $156.00 per hour for work performed in 2019, and $163.00 per hour for work performed in 2020. Application of these rates results in a reduction of $8,751.20.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $12,559.60.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $10,806.58 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, work performed by Dr. Brian Apatoff, and mediation costs. Fees App. at 11-13; Supp. Ex. D. Petitioner has provided adequate documentation of the requested costs and they appear to be reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

4

## II.     Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $24,308.00 |
|---|---|
| (Reduction to Fees) | - ($11,748.40) |
| **Total Attorneys' Fees Awarded** | **$12,559.60** |
| | |
| Attorneys' Costs Requested | $10,806.58 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$10,806.58** |
| | |
| **Total Attorneys' Fees and Costs** | **$23,366.18** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $23,366.18, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Philip Russell.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).